# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **REGET VAUGHN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 2:22-CV-290-WKW-CWB |
| | ) [WO] |
| **CHILTON COUNTY JUDICIAL** | ) |
| **SYSTEM, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

*Pro se* Plaintiff Reget Vaughn filed this 42 U.S.C. § 1983 action on May 12, 2022. On May 18, 2022, the Court entered an Order directing Plaintiff to address the unpaid filing fee. Doc. 3. On May 27, 2022, Plaintiff's service copy of the May 18 Order was returned marked as undeliverable because Plaintiff is no longer detained at the last service address he provided.[1] Accordingly, by Order of June 6, 2022, the Court directed Plaintiff to file, by June 6, 2022, a current address or to show cause why this case should not be dismissed for his failure to prosecute. Doc. 6. The June 6 Order specifically advised Plaintiff that this case could not proceed if his whereabouts remained unknown and informed him that his failure to comply would result in a dismissal of the action. *Id*. Plaintiff's copy of the June 6, 2022 Order was returned to the Court on June 21, 2022, also marked as undeliverable.

It is axiomatic that courts have inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court

---

[1] The last service address of record for Plaintiff is the Chilton County Jail in Clanton, Alabama.

possesses the inherent power to police its docket."). Such authority includes the ability for a court to impose sanctions, including a dismissal of claims. *See* FED. R. CIV. P. 41(b); *see also Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962) ("The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is ORDERED that by **August 3, 2022**, the parties may file written objections to the proposed findings and recommendations set out herein. An objecting party must identify the specific portion of the findings and recommendations to which objection is being made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in this Recommendation and will waive the right of the party to challenge on appeal any subsequent order that is based on factual and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this the 20th day of July 2022.

                                        /s/ Chad W. Bryan
                                        **CHAD W. BRYAN**
                                        **UNITED STATES MAGISTRATE JUDGE**